NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL REYES,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Civil Action No.: 19-20102 (CCC)<br><br>**ORDER** |

**CECCHI, District Judge.**

**WHEREAS** Carol Reyes ("Plaintiff") commenced this appeal on November 12, 2019, seeking review of a final decision of the Commissioner of the Social Security Administration ("Defendant") denying her application for supplemental security income under the Social Security Act. ECF No. 1; and

**WHEREAS** Plaintiff contends that the Administrative Law Judge ("ALJ") failed to mention or consider two of her treating physicians' opinions (Dr. Michael A. Meese ("Dr. Meese") and Dr. Alison Rathmann ("Dr. Rathmann") and did not complete the second step required to evaluate a claimant's alleged symptoms. ECF No. 12 at 1–2; and

**WHEREAS** Defendant argues that it was harmless error for the ALJ to not discuss medical opinions and records from Dr. Meese and Dr. Rathmann because their opinions are consistent with the ALJ's findings and that the ALJ did not need to opine on how record evidence was inconsistent with Plaintiff's alleged symptoms because inconsistencies were evident without explanation.[1] ECF No. 13 at 15–18, and

---

[1] "[A] district court is not 'empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'" *Hartzell v. Astrue*, 741 F. Supp.2d 645, 647 (D.N.J. 2010) (citation omitted).

1

**WHEREAS** at step two of the ALJ's analysis, he found that Plaintiff had the following severe impairments: cervicalgia, radiculopathy, carpal tunnel syndrome, hypertension, depressive order, sleep apnea, status post-torn meniscus of bilateral knees, and obesity. Tr.[2] at 17; and

**WHEREAS** at step three, the ALJ stated that none of Plaintiff's severe impairments, alone or in combination, met the requirements listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). Id. at 18; and

**WHEREAS** in his residual functional capacity ("RFC") analysis, the ALJ stated that he performed a review of the complete record. Id. at 24; and

**WHEREAS** despite the ALJ's statement, he failed to address or mention the opinions and records of Dr. Meese or Dr. Rathmann even though they were clearly part of the record. Id. at 30–31; and

**WHEREAS** Plaintiff argues that the ALJ's failure to meaningfully consider, let alone address, Dr. Meese and Dr. Rathmann's records and opinions, is harmful because treating physicians are generally given more weight than specialists or consultants, Plaintiff saw Dr. Meese and Dr. Rathmann more often than any other doctors, and Dr. Meese and Dr. Rathmann provided relevant information on Plaintiff's exertional capabilities. ECF No. 12 at 13–14, 18; and

**WHEREAS** by failing to consider Dr. Meese and Dr. Rathmann's records and opinions, the ALJ failed to adequately explain how he considered those findings in connection with the rest of the medical evidence before him, and thus, his RFC determination evades judicial review. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) ("[W]e need from the ALJ not only an

---

Rather, "this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record." *Dries v. Colvin*, No. 16-01014, 2017 WL 4936017, at *3 (M.D. Pa. May 3, 2017).

[2] "Tr." refers to the certified record of administrative proceedings. ECF No. 5-2.

expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."); *Sadowski v. Comm'r of Soc. Sec.*, No. 18-13672, 2020 WL 7334225, at *5 (D.N.J. Dec. 14, 2020) (internal citations and quotation marks omitted) ("In rejecting a treating source opinion, however, the ALJ must provide an adequate basis for doing so and not reach inconsistent findings without explanation so that the reviewing court can adequately examine the ALJ's decision to discredit the treating physician to determine whether it is supported by substantial evidence.").

Accordingly, **IT IS** on this 28th day of February, 2021

**ORDERED** that the decision of the Commissioner of the Social Security Administration is hereby **VACATED**; and it is further

**ORDERED** that this matter is hereby **REMANDED** to the ALJ for further analysis of Dr. Meese and Dr. Rathmann's records and opinions as they pertain to Plaintiff's ability to sustain work; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter closed.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**